UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
WILLIAM PERRY,

                        Plaintiff,

            - against -                          **MEMORANDUM AND ORDER**

                                                 09 Civ. 9391 (NRB)
COUNTY OF WESTCHESTER, WESTCHESTER COUNTY
POLICE DEPARTMENT, TOWN OF PELHAM,
VILLAGE OF PELHAM, and SGT. PATRICK
POLESE,

                        Defendants.
---------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

     Plaintiff William Perry brings this action against
defendants the Village of Pelham ("Pelham") and Patrick Polese,
a member of Pelham's police department,[1] alleging various
constitutional violations under 42 U.S.C. § 1983 and tort claims
under New York State law. Presently before us is defendants'
motion for summary judgment.

     For the reasons stated herein, defendants' motion is
granted in part and denied in part.

---
[1]  Plaintiff previously dismissed his claims as against the County of
Westchester, the Westchester County Police Department, and the Town of
Pelham.

<u>BACKGROUND</u>[2]

Late in the evening of August 16, 2008, plaintiff was driving some friends from Mount Vernon, New York to Port Chester, New York. He was driving a car with South Carolina plates registered to his deceased brother, though the registration had been suspended. Plaintiff did not have a valid driver's license at the time and had not had one since 2005.

En route to the Hutchinson River Parkway (the "Hutchinson"), plaintiff passed through Pelham. He stopped briefly at a traffic light before turning right onto an on-ramp leading to the Hutchinson's northbound lanes. Plaintiff recalls that the traffic light had been blinking red, while Polese recounts that the light was unblinking and a sign was posted prohibiting right turns on red. On the on-ramp, plaintiff was pulled over by Polese. Either at that time or shortly thereafter, Polese was joined by a number of other officers.

---

[2] The facts set forth herein are taken from defendant's Rule 56.1 Statement, the Declaration of James A. Randazzo ("Randazzo Decl.") and attached exhibits, plaintiff's Statement of Facts Pursuant to Rule 56.1, and the Declaration of Ann Jen ("Jen Decl.") and attached exhibits. We note that plaintiff failed to comply with Rule 56.1 of the Local Rules of the United States District Courts of the Southern and Eastern Districts of New York (the "Local Rules"), which mandates that "[t]he papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party," Local Rule 56.1(b), instead simply providing his own version of the facts. While we are thus entitled to treat all facts in defendants' Rule 56.1 statement as admitted, <u>see</u> Local Rule 56.1(c), we employ our broad discretion in this area and utilize plaintiff's non-compliant Rule 56.1 statement, as well as our own review of the record, to confirm defendants' recitation of the facts and supplement those facts where necessary. <u>See Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62, 73 (2d Cir. 2001). Conflicts in the evidence have been resolved in favor of the non-moving party.

The police asked plaintiff for his license and registration and had him exit his car. While conducting their investigation, the police sent plaintiff's friends on their way in a cab. At some point, plaintiff reentered his car to wait for the police to finish their investigation. Plaintiff claims that he then overheard some of the officers state, "The Sergeant is pissed off. I don't know what he might do with this guy tonight. This black nigger." Polese denies that any such statements were made.

Plaintiff then started his car and drove away from the scene, onto the Hutchinson, and the police gave pursuit with both their lights and sirens on. The chase ended when plaintiff crashed his car, damaging the front fender and passenger side of the vehicle. Polese then approached the car with his gun drawn and ordered plaintiff to exit the vehicle. Plaintiff did not move, and Polese reached through the open driver's side window, grabbed plaintiff by the front of his shirt, and pulled him through the window. Plaintiff was put to the ground and handcuffed, during which, he claims, he hit a rock or brick with the left side of his body and head. Plaintiff also claims that, while on the ground, one of the police officers present, though not Polese, kicked him and called him a "black mother fucker," and that he was then dragged to a police car.

Plaintiff was arrested and charged with a variety of misdemeanors and traffic violations. He pled guilty to the

misdemeanor crime of Unlawful Fleeing a Police Officer in a Motor Vehicle in the Third Degree, N.Y. Penal Law § 270.25, in satisfaction of all charges, and was thereafter sentenced to time served and three years of probation.

Plaintiff filed the instant complaint on November 12, 2009.

## DISCUSSION

### I.   Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)) (internal alterations omitted); see also Quarles v. Gen. Motors Corp. (Motors Holding Div.), 758 F.2d 839, 840 (2d Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

On a motion for summary judgment, the initial burden rests with the moving party to make a prima facie showing that no issues of material fact exist for trial. See Celotex Corp. v.

4

Catrett, 477 U.S. 317, 330-31 (1986). Once this showing is made, "[t]o defeat summary judgment, the non-movant must produce specific facts" to rebut the movant's showing and to establish that there are material issues of fact requiring trial. Wright v. Coughlin, 132 F.3d 133, 137 (2d Cir. 1998) (citing Celotex, 477 U.S. at 322). In determining whether a genuine issue of material fact exists, a court must view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. See Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010). For these purposes, a court "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000).

## II.   Plaintiff's Section 1983 Claims

Pursuant to 42 U.S.C. § 1983, plaintiff asserts claims for false arrest, illegal search, and excessive force against Polese, as well as a Monell claim against Pelham. Each will be addressed in turn.

### A.   False Arrest and Illegal Search

A claim of false arrest under Section 1983 "is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Both causes of action require plaintiff to demonstrate that "defendant intentionally confined him without his consent and

without justification." <u>Covington v. City of New York</u>, 171 F.3d 117, 122 (2d Cir. 1999) (quoting <u>Weyant</u>, 101 F.3d at 852). An officer is justified in effecting an arrest if probable cause to arrest exists. <u>See id.</u> Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 119 (2d Cir. 1998) (internal quotation marks omitted).

Polese had probable cause to arrest plaintiff for unlawfully fleeing a police officer. The elements of that crime require that (1) a person knew he had been directed to stop "by a uniformed police officer or a marked police vehicle by the activation of . . . the lights," and (2) the person attempted to flee by "driving at speeds which equal or exceed twenty-five miles per hour above the speed limit or engaging in reckless driving." N.Y. Penal Law § 270.25. It is undisputed that the officers turned on their lights and sirens when pursuing plaintiff. Further, Polese testified at his deposition that he drove at approximately eighty-five miles per hour during his pursuit of plaintiff, and the chase visited no roads on which the speed limit was in excess of fifty-five miles per hour. <u>See</u> N.Y. Veh. & Traf. Law § 1180-a(1) (limiting the speed limit on New York roads to fifty-five miles per hour, with limited, non-

applicable exceptions). These uncontroverted facts are sufficient to find that Polese had probable cause to arrest plaintiff, defeating the false arrest claim.[3]

This determination also establishes a complete defense to plaintiff's illegal search claim. See Illinois v. Lafayette, 462 U.S. 640, 645 (1983) ("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." (quoting United States v. Robinson, 414 U.S. 218, 235 (1973)); Perez v. City of New York, No. 07 Civ. 10319, 2009 U.S. Dist. LEXIS 50066, at *15-16 (S.D.N.Y. June 8, 2009) ("As the court has already reasoned that probable cause existed for the plaintiff's arrest, granting the defendants' motion for summary judgment, as it relates to the plaintiff's unlawful search claim, appears warranted, since the search was incident to an arrest based upon probable cause.").

Defendants' motion for summary judgment with respect to the false arrest and illegal search claims is therefore granted.

---

[3] Plaintiff also eventually pleaded guilty to having unlawfully fled from the police. That plea invalidates any false arrest claim. See Maietta v. Artuz, 84 F.3d 100, 103 n.1 (2d Cir. 1996) ("[C]ommon law principles preclude a challenge to the validity of an arrest after a guilty plea, for purposes of a civil suit under 42 U.S.C. § 1983.").

**B.   Excessive Force**

Plaintiff makes two separate arguments on the grounds of excessive force. First, he contends that Polese utilized an unreasonable degree of force when pulling him through the window of his car and bringing him to the ground to effect the arrest. Second, he asserts that Polese had a duty to intervene to protect him from the officers who kicked and dragged him.

**1.   Unreasonable Force**

To prevail on a Fourth Amendment claim of excessive force, a plaintiff must show that the amount of force used by law enforcement was "objectively unreasonable in light of the facts and circumstances confronting [an officer], without regard to [his] underlying intent or motivation." Jones v. Parmley, 465 F.3d 46, 61 (2d Cir. 2006) (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)). An officer's actions are not to be judged in hindsight, but rather from the perspective of a reasonable officer on the scene. See id. Thus, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004) (quoting Graham, 490 U.S. at 396) (internal alteration omitted), and an officer may need to use some degree of force in the course of an arrest, particularly where forced to make split-second judgments in a tense situation. See id.

The parties disagree about a number of aspects of Polese's arrest of plaintiff. Defendants assert that damage to the car after the crash had jammed the car door such that it was unable to be opened, necessitating plaintiff's removal through the window. Plaintiff acknowledges that he "could not open" the door, but he claims his inability was due to Polese holding him at gunpoint while his hands were in the air, not any physical damage to the vehicle. Plaintiff further asserts that he was not given sufficient opportunity to try to open the door before Polese pulled him through the window, and that, after he was defenestrated, Polese slammed him against a rock or brick, injuring him.[4]

We are admittedly skeptical that an officer of the law would choose to heft a fully grown man through a car window

---

[4] Defendants urge us to disregard plaintiff's testimony to this effect, (Jen Decl., Ex. B, Examination of William Perry, at 73, 75 (Nov. 4, 2009)), because it was given at hearing conducted under General Municipal Law § 50-h at which they were not present and differs in content from plaintiff's deposition. Testimony from a Section 50-h hearing, however, is properly considered on a motion for summary judgment, see, e.g., Yang Feng Zhao v. City of New York, 656 F. Supp. 2d 375, 389-90 (S.D.N.Y. 2009) (finding Section 50-h testimony sufficient for an excessive force claim to survive summary judgment), and admissible at trial under Federal Rule of Evidence 801(d)(1). Cf. McKay v. Principi, No. 03 Civ. 1605, 2004 U.S. Dist. LEXIS 22316, at *5 n.10 (S.D.N.Y. Nov. 4, 2004) (considering testimony given at an administrative hearing on a motion for summary judgment). The testimony, moreover, is supported by plaintiff's affidavit. (Aff. of William Perry, ¶ 4.) While it is true that "a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony," Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 925 F.2d 566, 572 (2d Cir. 1991), plaintiff's affidavit does not directly contradict his deposition testimony, which is ambiguous as to whether he was injured as he was removed from the car and handcuffed. (E.g., Randazzo Decl., Ex. D, Dep. of William Perry, 67:5-7 ("[T]he Sergeant just pulled me through the window. That's all he did and hurt me a little bit."), 68:10-11 (". . . I was too much in pain. I was thrown on the ground.").)

rather than have him exit through the car's door if the latter course was a viable option. We also regard with some degree of suspicion the allegations of plaintiff's fortuitous alighting upon a rock and subsequent injuries, given his own testimony that the doctor who examined him told him that he had not been injured, (Randazzo Decl., Ex. C, Examination of William Perry, at 32 (May 14, 2010)), and the dearth of any medical records before the Court.

Nevertheless, these are disputes of material fact: whether plaintiff had a chance to attempt to exit the car himself, whether the car's door could be opened, and whether plaintiff in fact sustained injuries from his removal. Each of these issues materially bears on the question of whether Polese used excessive force, and they are properly reserved for trial.

### 2. Failure to Intercede

Plaintiff also asserts that Polese should have intervened and prevented him from being kicked and dragged to a police car.[5] An officer will be liable for his failure to intercede to prevent harm caused by other officers, among other circumstances, "where that officer observes or has reason to

---

[5] Plaintiff includes an officer's use of a racial epithet in his description of the violations for which Polese should have intervened, but "an arresting officer's use of racial epithets does not constitute a basis for a § 1983 claim," Miro v. City of New York, No. 95 Civ. 4331, 2002 U.S. Dist. LEXIS 9857, at *12 (S.D.N.Y. June 3, 2002), including a failure to intercede.

know . . . that excessive force is being used." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).

However, plaintiff did not raise this claim in his complaint. Rather, he raised it for the first time in his opposition to defendants' motion for summary judgment. As such, the claim is not properly before the Court. See, e.g., Syracuse Broad. Corp. v. Newhouse, 236 F.2d 522, 525 (2d Cir. 1956) (sanctioning the district court's summary judgment order "brush[ing] aside a further charge, made in the briefs and affidavits, but not alleged in the complaint"); Gillman v. Inner City Broad. Corp., No. 08 Civ. 8909, 2011 U.S. Dist. LEXIS 4759, at *1-2 n.1 (S.D.N.Y. Jan. 18, 2011).

Moreover, even had the claim been properly raised, "liability [would] not attach unless plaintiff [could] prove that there was 'a realistic opportunity to intervene to prevent the harm from occurring.'" Husbands v. City of New York, No. 05 Civ. 9252, 2007 U.S. Dist. LEXIS 61042, at *37 (S.D.N.Y. Aug. 16, 2007) (quoting Anderson, 17 F.3d at 557), aff'd, 335 F. App'x 124 (2d Cir. 2009). Polese, engaged as he was in effecting plaintiff's arrest, simply would not have had an opportunity "to prevent a single, discrete kick, presumably lasting no more than one second, delivered by another officer." Id. at *38.

### C.   Municipal Claims

It is well-settled that a municipality can only be sued under Section 1983 if the alleged injury was the result of an official policy, custom, or practice of the municipality. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985). The failure to properly train employees, as alleged here, may constitute such a policy or practice only in instances where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact," City of Canton v. Harris, 489 U.S. 378, 388 (1989), and actually causes the injury alleged. See id. at 390.

The Second Circuit has identified three requirements before a failure to train amounts to deliberate indifference: the plaintiff must show that (1) "a policymaker knows 'to a moral certainty' that her employees will confront a given situation"; (2) "the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992). Additionally, "at the summary judgment stage, plaintiffs must 'identify a specific deficiency

in the city's training program and establish that that deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation.'" Green v. City of New York, 465 F.3d 65, 81 (2d Cir. 2006) (quoting Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 129 (2d Cir. 2004)).

Plaintiff has offered no evidence whatsoever with respect to Pelham's training protocol for its police officers or any incidents similar to that alleged by plaintiff. Under such circumstances, summary judgment is properly granted for defendants on all failure to train claims. See id. at 81–82 (affirming district court's grant of summary judgment when plaintiffs, having offered some evidence as to the extent of the alleged failure to train, nevertheless "offered insufficient evidence to reach the jury").

Plaintiff also asserts that a failure to properly discipline or sanction the officers may support his theory of municipal liability under Section 1983. Such a claim requires evidence that Pelham's "response to complaints of use of excessive force by City police officers was uninterested and superficial," Fiacco v. City of Rensselaer, 783 F.2d 319, 331 (2d Cir. 1986), or of a "persistent failure to discipline subordinates who violate civil rights." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983). Once again, plaintiff has

provided none of the necessary evidence. Summary judgment in favor of defendants is warranted.

## III. Plaintiff's State Law Claims

Plaintiff also alleges claims under New York State law for assault, battery, intentional infliction of emotional distress, and negligence against Polese, and negligent hiring and retaining against Pelham.

### A.   Assault and Battery Claims

The New York State law pertaining to assault and battery "parallels the federal laws regarding excessive force" for claims against police officers acting in the course of their duties. Kramer v. City of New York, No. 04 Civ. 106, 2004 U.S. Dist. LEXIS 21914, at *33-34 (S.D.N.Y. Nov. 1, 2004); accord Humphrey v. Landers, 344 F. App'x 686, 688 (2d Cir. 2009) ("Except for § 1983's requirement that the tort be committed under color of state law, the essential elements of excessive force and state law assault and battery claims are substantially identical." (internal quotation marks and alterations omitted)). Because we have already found that substantial issues of material fact preclude granting summary judgment on plaintiff's claim that Polese used unreasonable force in conducting the arrest, we cannot grant summary judgment on these claims either.

### B.   Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, plaintiff must show that Polese's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999) (quoting Howell v. N.Y. Post Co., 81 N.Y.2d 115, 121 (1993)). Although we cannot on summary judgment determine whether Polese's use of force was reasonable, we can -- and do -- decide, even accepting plaintiff's version of the events, that Polese's conduct did not even approach the level of shocking behavior needed to support a claim of intentional infliction of emotional distress.

### C.   Polese's Negligence and Pelham's Negligent Hiring and Retention

A claim of negligence will survive summary judgment when a plaintiff alleges facts that establish that the defendant had a duty to protect the plaintiff, the defendant breached that duty, and breach caused the plaintiff to be injured. See Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002). Negligent hiring and retention requires a showing that an employer "failed to investigate a prospective employee notwithstanding knowledge of facts that would lead a reasonably prudent person to investigate that prospective employee." Biggs

v. City of New York, No. 08 Civ. 8123, 2010 U.S. Dist. LEXIS 121332, at *34 (S.D.N.Y. Nov. 16, 2010) (quoting Richardson v. City of New York, No. 04 Civ. 05314, 2006 U.S. Dist. LEXIS 92731, at *45-46 (S.D.N.Y. Dec. 21, 2006)).

When a plaintiff has submitted no evidence with respect to his negligence claims, they are properly dismissed on a motion for summary judgment, even if excessive force claims have survived the same motion. See Williams v. City of White Plains, 718 F. Supp. 2d 374, 379-81 (S.D.N.Y. 2010). Plaintiff here has submitted no evidence on these claims, and indeed abandoned them in his opposition to the motion for summary judgment. Summary judgment is appropriately entered against plaintiff on these claims.

## CONCLUSION

For the foregoing reasons, the motion (docket no. 23) is granted in part and denied in part.

Dated:     New York, New York
           November 28, 2011

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorney for Plaintiff**
Ann Jen, Esq.
Mallilo & Grossman
163-09 Northern Boulevard
Flushing, NY 11358

**Attorney for Defendant**
James A. Randazzo, Esq.
Gelardi & Randazzo LLP
800 Westchester Avenue, Suite S-608
Rye Brook, NY 10573